# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 4:12-cv-060-TWP-TAB |
| | ) |
| DARRELL MILLS, | ) |
| | ) |
| Defendant. | ) |

## Entry Discussing Motion for Summary Judgment

John Rogers brings this action pursuant to 42 U.S.C. § 1983. Defendant Darrell Mills moves for summary judgment arguing that Rogers failed to exhaust available administrative remedies with respect to his claims. Rogers opposes the motion for summary judgment.

## Summary Judgment Standard

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic*

*Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record … or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B).

Rogers has not opposed the motion for summary judgment with a statement of material facts in dispute as required by Local Rule 56.1(b). The consequence of this is that Rogers has conceded the defendant's version of the facts to the extent they are supported by admissible evidence. *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").

## Facts

Rogers is an inmate with the Indiana Department of Correction ("DOC") housed at the Correctional Industrial Facility ("CIF"). Mills is the Floyd County Sheriff. In the fall of 2001, Rogers was transported to the Floyd County Jail for a status conference on a post-conviction relief cause pending in Floyd County. Rogers'

complaint involves the conditions he experienced while housed at the Floyd County Jail.

In 2011, the Floyd County Jail had a policy governing inmate grievances regarding the conditions of their confinement. The grievance procedure is provided to inmates in the Floyd County Corrections Division Inmate Handbook Rules & Regulations ("Rule Book") which is provided to inmates upon their admittance into general population. Rogers acknowledged his receipt of the Rule Book on October 6, 2011. The Rule Book requires inmates to fill out and return a written grievance form to exhaust their available administrative remedies. The grievance form includes space for the inmate to explain, sign, and date his or her grievance, and further includes a section for Jail to respond to the grievance. These forms are located in the pod offices and were available to every inmate in the general population. According to the Rule Book, inmates are to give their grievance forms to an officer during headcount. Rogers was familiar with the grievance form process as he had previously utilized the grievance policy procedure. In 2006, Rogers filed at least eight grievances using the same grievance form that was still being used by the Jail in 2011.

Assistant Jail Commander Andrew Sands reviewed the Rogers' inmate file for grievances and found Rogers never filed any grievances, reports, or other complaints pursuant to the Inmate Grievance Policy during his incarceration at the Floyd County Jail in October of 2011 or any other time in 2011.

## Discussion

Before the merits of Rogers' claims can be addressed, the court is required to address the affirmative defense that Rogers failed to exhaust his available administrative remedies prior to filing this action. *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

The law applicable to the affirmative defense is this: The Prison Litigation Reform Act requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time,

the prison's administrative rules require.'")(*quoting Pozo v. McCaug*htry, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, the Rule Book required Rogers to file an inmate grievance on the form provided. He did not do so. He asserts in his response to the motion for summary judgment that he filed a notice of tort claim and claims that this should be sufficient to exhaust his administrative remedies because he provided the defendant with notice of his claims. However, Rogers is confined to the defendant's version of the facts because he failed to comply with Local Rule 56.1. Even considering Rogers' assertion that he filed a notice of tort claim, the court finds that he still did not exhaust his available administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford,* 548 U.S. at 90-91. It is undisputed that Rogers did not follow those rules. Unfortunately for Rogers, by failing to submit an inmate grievance form, he has failed to exhaust those administrative remedies that were available to him. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Rogers' claims should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each

step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").[1]

## Conclusion

The defendant's motion for summary judgment [Dkt. 8] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/13/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

John Rogers
DOC #881376
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN  46064-9001

All Electronically Registered Counsel

---

[1] In light of this ruling, Rogers' motion for appointment of counsel [Dkt. 18] is **denied** as moot.